**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP DOWNEY, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | **COMPLAINT** |
| FLINT HILLS RESOURCES, LLC, | ) | |
| Defendant. | ) | **JURY DEMANDED** |

Now comes the Plaintiff, PHILIP DOWNEY, individually and on behalf of all those similarly situated, and for his Class Action Complaint against Defendant, FLINT HILLS RESOURCES LLC ("Defendant"), Plaintiff allege as follows:

**INTRODUCTION**

1. This Complaint challenges systemic illegal employment practices which resulted in violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*

2. Plaintiff alleges on information and belief that Defendant acted intentionally and with deliberate indifference and conscious disregard of the rights of its employees in, among other things, failing to pay overtime wages in the correct amount due.

3. Plaintiff bring this Class Action against Defendant pursuant to Fed. R. Civ. P. 23. All allegations in this Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant regularly conducts business throughout this District.

7. The unlawful acts alleged herein have a direct effect on Plaintiff and other employees similarly situated within this District. Plaintiff and the putative Class Members have suffered damages and will continue to suffer the same harm as the representative Plaintiff as a result of Defendant's wrongful conduct, unless the relief requested herein is granted.

## PARTIES

8. Plaintiff is an individual who at all relevant times resided in Minooka, Illinois.

9. On information and belief, Defendant is a corporation of the State of Delaware, which is registered with the Illinois Secretary of State to do business in Illinois, and whose principal place of business is located in Wichita, Kansas.

10. Plaintiff and Defendant are each "persons" as defined in 29 U.S.C. § 203(a).

11. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer in relation to Plaintiff when he was an employee.

12. Defendant is also an "employer" as that term is defined by 820 ILCS 105/3(c), as it is a corporation for which one or more persons were gainfully employed on some day within a calendar year.

13. At all relevant times, Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1), as he was an individual who was employed by Defendant, who is an "employer."

14. At all relevant times, Plaintiff was an "employee" as that term is defined by 820 ILCS 105/3, as he was an individual permitted to work by an employer in an occupation.

**FACTUAL ALLEGATIONS**

15. At all times herein mentioned, the putative Class Members, including Plaintiff, were employees of Defendant in the State of Illinois. As such, the putative Class Members, including Plaintiff, were the type of persons contemplated to be protected by the FLSA, and the IMWL and said laws were intended to apply to Defendant and to prevent the type of injuries and damages alleged herein.

16. Plaintiff alleges on information and belief that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of the FLSA and the IMWL.

17. During the relevant time period of this action, Defendant employed Plaintiff, and continues to employ other similarly-situated individuals to work as chemical operators at various work sites throughout the State of Illinois. Plaintiff was employed at Defendant's facility which was located in Channahon, Will County, Illinois.

18. Plaintiff first became employed by Defendant, and began working for Defendant, during or about 2004 as a chemical operator. Plaintiff was later promoted to permanent consul operator.

19. The amount of time worked by Plaintiff and other similarly-situated employees of Defendant was recorded by through an automated time clock system.

20. Plaintiff and other similarly-situated employees of Defendant were paid by Defendant on a bi-weekly basis.

21. Plaintiff and other similarly situated employees of Defendant worked an alternating schedule whereby they would work 36 hours during some workweeks and 48 hours during other workweeks.

22. During the workweeks when Plaintiff and other similarly situated employees of Defendant worked 48 hours, one of their shifts was paid at a reduced hourly rate. Defendant thereby avoided paying the proper legal overtime rate of one and one-half times the regular wage of Plaintiff and the other affected employees for those workweeks.

23. Defendant did not pay Plaintiff and other similarly situated employees at a rate not less than one and one-half times their regular wage for time worked in excess of forty hours per week during many pay periods during their employment with Defendant.

24. Plaintiff alleges, on information and belief, that Defendant had a consistent policy or practice of failing to pay Class Members, including Plaintiff, at a rate not less than one and one-half times their regular wage for time worked in excess of forty hours per week during many pay periods during their employment with Defendant.

25. As a result, Plaintiff and other similarly-situated employees were frequently not fully compensated for all of their time spent working for Defendant, as required by applicable law.

## CLASS ALLEGATIONS

26. Plaintiff brings claims for violations of the FLSA, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of the following class of persons (the "FLSA class"):

> All current and former employees of Defendant who worked for Defendant within three years prior to the filing of this Complaint, plus applicable tolling periods, who were not compensated at least one and one-half times their regular hourly wage for all for all hours worked over 40 hours during any given workweeks.

27. Plaintiff also brings claims for violation of the IMWL, individually and on behalf of the following class of persons (the "IMWL class"):

> All current and former employees of Defendant who worked for Defendant within three years prior to the filing of this Complaint, plus applicable tolling periods, who were not compensated at least one and one-half times their normal hourly wage for all for all hours worked over 40 hours during any given workweeks.

28. The FLSA claims may be pursued by those who opt-in to the FLSA class, pursuant to 29 U.S.C. § 216(b), and who have previously filed consent to join forms in any transferred actions.

29. The members of the FLSA Class and the IMWL Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the FLSA Class and the IMWL Class are readily ascertainable by review of Defendant's records, including payroll records. Plaintiff alleges on information and belief that there are hundreds of persons who are potentially Class Members.

30. The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the FLSA and the IMWL Classes defined above, with whom they have a well-defined community of interests and typicality of claims as demonstrated herein. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the FLSA Class and the IMWL Class and the representative Plaintiff. Plaintiff's attorneys' firm have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending. Plaintiff's attorneys are competent and experienced in the litigation of class actions.

31. Plaintiff alleges on information and belief that Defendant uniformly administered corporate policies and practices by which Defendant failed to pay all earned overtime wages. Plaintiff alleges on information and belief that this conduct was accomplished with the advance knowledge of, and designed with the intent of, willfully withholding appropriate wages for work performed by the FLSA and IMWL Class Members.

32. In addition, Plaintiff alleges on information and belief that Defendants uniformly administered a corporate policy, procedure, and practice of not maintaining accurate records, and failing to provide true and accurate wage statements.

33. Plaintiff alleges on information and belief that the corporate conduct alleged herein was accomplished with the advance knowledge of, and designed with the intent of, willfully and intentionally failing to accurately record proper payroll records.

34. There are predominant common questions of law and fact and a community of interest among Plaintiff, the FLSA Class Members, and the IMWL Class Members concerning issues which include, but are not limited to, the following:

a. Whether Defendant failed to pay Plaintiff, the FLSA Class Members and the IMWL Class Members at least one and one-half times their regular hourly wage for all for all hours worked over 40 hours during any given workweeks; and

b. Whether any such actions of Defendant were undertaken willfully and/or intentionally.

35. Plaintiff's claims are typical of the claims of all members of the FLSA Class and the IMWL Class. Plaintiff is a member of the FLSA Class and the IMWL Class, and has suffered harm as a result of Defendant's violations of the FLSA and the IMWL as alleged herein.

36. The FLSA and the IMWL upon which Plaintiff bases the claims set forth herein contain provisions that are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions in the State of Illinois, and nationwide. These laws and labor standards protect the average working employee from employers who may seek to take advantage of superior economic and bargaining power over their employees.

37. The nature of this action and the format of laws available to Plaintiff, the FLSA Class Members, and the IMWL Class Members identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, Defendant would gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual employee with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by

current employees for fear of retaliation by Defendant, and even by former employees, for fear of retaliation within the industry.

38. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against Defendant, which would establish potentially incompatible standards of conduct for Defendant, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of all individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

39. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

40. Proof of a common business practice or factual pattern which the named Plaintiff experienced will establish the rights of each of the FLSA Class Members and the IMWL Class Members to recovery on the causes of action alleged herein.

41. The FLSA Class Members and IMWL Class Members are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The FLSA Class Members and the IMWL Class Members are commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire FLSA and IMWL classes and will result in the creation of a common fund.

42. Defendant has engaged in common, unlawful practices, such that injunctive relief pursuant to Fed. R. Civ. P. 23 is further appropriate stop such practices.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if fully reiterated herein.

44. The Fair Labor Standards Act provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

45. Defendant failed to compensate Plaintiff and the other FLSA Class Members at a rate not less than one and one-half times their regular wage for time worked in excess of forty hours per week during many pay periods during their employment with Defendant.

46. Defendant, by its failure to fully compensate Plaintiff and the other FLSA Class Members as set forth above, violated the FLSA, including but not limited to, 29 U.S.C. §§ 207.

47. The FLSA also provides that "[a]ny employer who violates the provisions of section 207 of this title shall be liable to the employee or employees affected in the amount of his unpaid minimum wages, or his unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…The court in such action shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendants, and costs of the action." 29 U.S.C. § 216(b).

48. The pattern, practice, and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiff and each FLSA Class Member for damages and wages owed, and for penalties, interest, costs, and attorneys' fees, in amounts to be proven.

49. Plaintiff and the FLSA Class Members are entitled to damages equal to the mandated minimum regular and overtime pay wages for all hours worked within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard as to whether, its conduct was prohibited by the FLSA.

50. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and the FLSA Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of overtime pay wages, pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did act with good faith and reasonable grounds in failing to pay minimum regular and overtime pay wages, Plaintiff and the FLSA Class Members are entitled to an award of pre-judgment interest at the applicable legal rate.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW**

51. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if fully reiterated herein.

52. The IMWA provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).

53. Defendant failed to compensate Plaintiff and the other IMWL Class Members at a rate not less than one and one-half times their regular rate for time worked in excess of forty hours per workweek during many pay periods during their employment with Defendant.

54. Defendant, by its failure to fully compensate Plaintiff and the other IMWL Class Members as set forth above, violated the IMWL, including but not limited to, 820 ILCS 105/4a.

55. The IMWL provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

56. The pattern, practice and uniform administration of unlawful corporate policies regarding employee compensation as alleged herein creates an entitlement to recovery by Plaintiff and each IMWL Class Member for damages and wages owed, and for penalties, interest, costs, and attorneys' fees, in amounts to be proven.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the FLSA Class Members and the IMWL Class Members pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed FLSA Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b. Determination that this action may further be maintained as a class action under Fed. R. Civ. P. 23;

c. That Plaintiff be appointed as the representative of the FLSA Class and the IMWL Class;

d. A declaration that Defendant is financially responsible for notifying all Class Members of its violations of the FLSA and IMWL;

e. Designation of the Law Offices of Todd M. Friedman, P.C. as the attorneys representing Plaintiff and the putative collective action and class action members;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the IMWL;

g. An award of damages for all compensation due to Plaintiff, the FLSA Class Members, and the IMWL Class Members under the FLSA and the IMWL, to be paid by Defendant;

h. An award of liquidated damages in an amount equal to all additional compensation due to Plaintiff, the FLSA Class Members, and the IMWL Class Members, pursuant to 29 U.S.C. § 216(b);

i. An award of statutory penalties to Plaintiff, the FLSA Class Members, and the IMWL Class Members of two percent (2%) per month of all underpayments due to them, pursuant to 820 ILCS 105/12(a);

j. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert witness fees;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of any attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

PHILIP DOWNEY

By: /s/ David B. Levin

Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com