UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP DOWNEY, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-04119 |
| v. ) ) | Honorable Judge Robert Blakey |
| INEOS JOLIET, LLC, ) ) | Magistrate Judge Jeffrey Cummings |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFNDANT'S MOTION TO
DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Plaintiff Phillip Downey has had multiple chances to plead a violation of federal or other wage laws, but has failed to do so. Defendant INEOS Joliet, LLC respectfully requests that this Court dismiss Plaintiff's Fourth Amended Complaint with prejudice.

**INTRODUCTION**

Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") for failure to pay overtime. Throughout this litigation, Plaintiff has amended his Complaint four times, and none have come any closer to stating a valid claim under the FLSA or IMWL. In fact, the few new allegations in Plaintiff's Fourth Amended Complaint only further amplify the deficiencies of his claim. Plaintiff alleges only that Defendant failed to pay him the correct "regular rate" based on his argument that he should have been paid a different hourly rate than the one he actually was paid. However, such a "regular rate" claim is not actionable under the FLSA or IMWL as a matter of law, as the law requires analysis of what Plaintiff was actually paid, not what he hopes or wishes he had been paid. Plaintiff's Fourth Amended Complaint should be dismissed, with prejudice.

**BACKGROUND**

I.  **Plaintiff's Pleading History.**

Plaintiff is on his fifth complaint. Plaintiff filed his original complaint and amended twice after initially failing to name the correct defendant. (ECF Nos. 8, 14). Plaintiff's Second Amended Complaint alleged that Plaintiff worked an alternating schedule where he worked 36 hours during some workweeks and 48 hours during other workweeks. (ECF No. 17, ¶ 21). Plaintiff alleged Defendant violated the FLSA and the IMWL by paying Plaintiff a reduced hourly rate for the 48-hour workweek to avoid paying the proper overtime rate. *Id*. at ¶ 22. Thereafter, Defendant informed Plaintiff that his factual allegations in the SAC were inaccurate and produced wage records demonstrating that Defendant paid Plaintiff more overtime that required under FLSA and the IMWL. After the Parties' counsel discussed the true facts, Plaintiff filed another Motion for Leave to Amend his complaint "for the purpose of better stating the factual basis for Plaintiff's claims." (ECF No. 29, ¶ 8).

After receipt of the relevant records, Plaintiff filed a Third Amended Complaint ("TAC") on January 8, 2020, but he did not "better state that factual basis" for his claims. (ECF No. 33). Rather, Plaintiff completely changed his theory of the case. The TAC alleged Defendant paid Plaintiff a base rate for the first eight hours worked on the first four days of the week, and then two varying OT premium rates for hours worked in excess of eight per day, and hours worked: (i) in excess of twelve hours per day; and (ii) on the fifth day of the week. (ECF No. 33, ¶ 21). Plaintiff alleged that despite paying Plaintiff varying rates of overtime, Defendant did not pay appropriate overtime because the lowest rate Defendant paid Plaintiff was not Plaintiff's "regular rate at which he [was] employed," pursuant to the FLSA and IMWL. *Id*. at ¶ 22.

Defendant filed a Motion to Dismiss ("MTD") Plaintiff's TAC on the basis that Plaintiff failed to sufficiently plead how Defendant failed to pay Plaintiff the required overtime, that Plaintiff pled himself out of court where his alleged pay structure admits Defendant paid Plaintiff overtime in excess of its legal obligations, that Plaintiff improperly alleged that overtime premium rates should be included in his regular rate computation, and that Plaintiff's derivative claim that Defendant failed to pay the correct regular rate is not covered by FLSA or the IMWL. (ECF Nos. 34, 35).

Plaintiff did not respond to Defendant's MTD, but filed a motion for leave to file yet another amended complaint. (ECF No. 38). Again, Plaintiff claimed that he needed to better state the factual basis for his claims "to include more specific facts related to Plaintiff's pay rates serving as the basis for Plaintiffs[sic] FLSA and IMWL claims, and in light of the arguments raised in Defendant's Motion to Dismiss." (ECF No. 38, ¶¶ 1, 7). The Court granted Plaintiff's motion and Plaintiff filed his Fourth Amended Complaint ("FAC") on February 7, 2020. (ECF No. 41).

The FAC still does not cure any of the deficiencies Plaintiff has faced over the course of five complaints.[1] In fact, the allegations of the FAC only highlight the prior problems raised by Defendant in its MTD and as acknowledged by Plaintiff. (ECF No. 38, ¶ 7). Specifically, the FAC still states Plaintiff's futile claim from the TAC that Defendant failed to pay Plaintiff the correct rate. As noted in Defendant's MTD, the FLSA and IMWL do not provide recourse for Plaintiff alleging that his employer failed to pay the regular rate he wished to be paid, instead of the regular rate he was actually paid.

---

[1] Despite seeking to amend his complaint to purportedly "include more specific facts relating to Plaintiff's pay rates," Plaintiff did not include his actual rates of pay in his FAC, instead stating the rate he received for vacation pay; not actual hours worked.

3

While some of Plaintiff's precise allegations have constantly changed, his several amendments and shifting theories lead to the case arrive at the same conclusion: Defendant *exceeded* its obligations under the FLSA and IMWL, and Plaintiff has not been harmed under these statutes. This fact will not change, regardless of how many attempts Plaintiff makes to state a claim. As such, Plaintiff's FAC should be dismissed, with prejudice.

**II.     Plaintiff's Allegations in the FAC.**

Plaintiff's FAC is substantially similar to the TAC, as it only adds nominal allegations related to Plaintiff's purported regular rate. The FAC is a putative class action that alleges Defendant employed Plaintiff as a chemical operator and permanent console operator at Defendant's facility in Channahon, Illinois. (ECF No. 41 at ¶ 17-18). Plaintiff claims that Defendant paid him and other similarly situated employees various hourly and overtime rates depending upon when they worked. *Id*. at ¶ 21. Specifically, Plaintiff alleges that the hourly rates included:

> a.     The "F-REGULAR 12 SHIFT" rate, which, on information and belief, was paid for the first eight (8) hours worked by an employee on the first four (4) days worked in each workweek;
>
> b.     The "F-REG SCHED OT 12 SHIFT" rate, which, on information and belief, was paid for all hours over eight (8) hours, but less than twelve (12) hours worked by an employee on the first four (4) days worked in a given workweek;
>
> c.     The "OVERTIME ST TIME (BASE)" rate, which, on information and belief, was paid for all hours worked by an employee over twelve (12) hours in any given day, and all hours worked by an employee on the fifth day worked in a given workweek; and
>
> d.     The "O/T PREMIUM 50% HRLY RATE" rate, which, on information and belief, was also paid for all hours worked by an employee over twelve (12) hours in any given day, and all hours

4

>worked by an employee on the fifth day worked in a given workweek.

*Id*. Stated differently, Plaintiff alleges he was paid a base rate for the first eight hours worked on the first four days of the week, and then two varying OT premium rates for hours worked in excess of eight per day, and hours worked: (i) in excess of twelve hours per day; and (ii) on the fifth day of the week.[2]

Although designated as "OT," "OVERTIME," and "O/T," Plaintiff bizarrely alleges that such designations are not indicative of whether those rates constitute overtime pay "as required by the FLSA and IMWL." *Id*. at ¶ 22.[3] This allegation is apparently based on Plaintiff's contention that Defendant did not pay Plaintiff the correct underlying base rate. *Id*. at ¶¶ 25 – 30. Specifically, Plaintiff claims that he *should have* been paid a base rate of $42.99/hour for the first 40 hours in a given work week (instead of what he was actually paid) and 1.5 times that rate for all hours worked over 40 per week. *Id*. at ¶ 26. Alternatively, Plaintiff alleges that he *should have* been paid a regular rate of $44.01/hour. *Id*. at ¶ 28. Plaintiff does not state the regular rate he was actually paid by Defendant, nor does he allege that Defendant failed to pay Plaintiff appropriate overtime based on the regular rate he was actually paid.

In short, the FAC does not allege that Defendant failed to pay overtime. Rather, like the TAC, the central allegation of the FAC is that Defendant did not pay Plaintiff the correct underlying base rate he thinks should have been paid.

---

[2] For example, Plaintiff alleges that he received both the OVERTIME ST RATE and the O/T PREMIUM 50% HRLY RATE for hours worked in excess of twelve per day or on the fifth day per week.
[3] Notably, Plaintiff does not contest that those OT rates are premium rates paid at 1.5 times his base rate, only that the designations do not purportedly constitute appropriate OT compensation "as required by the FLSA and IMWL." Defendant's prior MTD noted at length that such rates were paid at least at 1.5 times the base rate, and Plaintiff did not dispute that statement in his most recent pleading.

5

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal where a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must "plead[] factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, the complaint must raise the possibility that the plaintiff has a right to relief above "a speculative level." *EEOC v. Concentra Health Care Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The plaintiff must plead "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

**ARGUMENT**

**I.     Plaintiff Fails to Allege an Overtime Violation Under the FLSA or IMWL.**

**A.  Plaintiff Fails to State a Regular Rate Claim under the FLSA or IMWL.**

In an attempt to state his overtime claim, Plaintiff pleads that he **should have** been paid $42.99/hour for the first 40 hours of the week, the rate that he received for vacation time (not hours worked), and further alleges that he should have received 1.5 times that rate for all hours worked over 40. (FAC, at ¶¶ 25 – 26). Plaintiff similarly alleges, in the alternative, that he **should have** been paid $44.01/hour as his regular rate, which he alleges was "the average rate per hour Plaintiff was paid for each hour worked during his normal 12-hour shift." *Id.* at ¶ 28. As Plaintiff's repeated use of the phrase "should have" indicates, Plaintiff attempts to premise his regular rate claim not upon the *actual compensation* he received, but upon the compensation he believes he "should have" received.   This fails to state a viable IMWL/FLSA claim as a matter of law.

6

Importantly, it is well-established that the regular rate is calculated based on the rate the employer *actually paid* the employee, not what a particular individual thinks he "should have" been paid. *See, e.g, Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) ("[T]he regular rate refers to the hourly rate **actually paid** [to] the employee for the normal, non-overtime workweek for which he is employed.") (emphasis added); *see also* 56 Ill. Admin. Code 210.410 (under the IMWL, "the overtime pay due must be computed on a basis of the hourly rate derived from [employee] earnings"); 29 CFR § 778.108 (regular rate is an "actual fact" based on what the employee was paid). Plaintiff does not allege that Defendant miscalculated his overtime pay based on the regular rate that Defendant **actually** paid him. Rather, Plaintiff's regular rate claim is premised on the conclusion that he "should have" received a higher base rate, which he received for vacation time (not actual hours worked). Because any regular rate claim must be based upon what Plaintiff was actually paid, he fails to state an FLSA or IMWL claim as a matter of law. *See, e.g., Hirst v. SkyWest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (plaintiff must state enough facts that "nudge their claims from conceivable to plausible.")

With respect to his alternative claim that he "should have" been paid $44.01 per hour, as that was his "average rate" per 12 hour shift, Plaintiff does not explain how that relates to his "regular rate" for calculating overtime, nor does he attempt to dispute that he received daily overtime for hours worked in excess of 8 per day, and that his "average" rate impermissibly includes both his "straight time" compensation, and 1.5 times that straight time rate, paid for hours worked in excess of 8 per day. There is no interpretation of the FLSA or IMWL which requires an employer to use a blended 12-hour daily rate to calculate overtime. Rather, overtime is paid based on total compensation paid in the week, minus statutory offsets (like daily overtime). *See* 29 U.S.C.A. § 207(e)(5) (excluding premium compensation for hours worked in excess of eight in a

7

day, from the "regular rate" computation); 29 U.S.C.A. § 207(e)(6) (excluding premium compensation paid for work by the employee on regular days of rest, from the "regular rate" computation); *see also* 29 CFR §778.108 (regular rate is an "actual fact" based on the hourly rate "actually paid the employee" for nonovertime hours during the <u>workweek</u>, minus statutory exclusions such as daily overtime or other premium payments) (emphasis added). Plaintiff's alternative claim likewise does not state a claim as a matter of law.

Such "regular rate" claims are not actionable under the FLSA or IMWL, and Plaintiff's FAC should be dismissed, with prejudice.

### B. **Plaintiff Cannot Calculate Overtime Premium Rates into his Regular Rate Computation.**

While the language of the FAC on this point is a bit muddled, to the extent Plaintiff is attempting to do so, Plaintiff cannot include the various OT premium rates he was paid in the regular rate computation to artificially inflate his regular rate. 29 U.S.C. § 207(e)(the "regular rate" shall <u>not</u> be deemed to include . . . "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are worked in excess of eight in a day"); 56 Ill. Admin. Code 210.410 (under the IMWL, the "regular rate" shall not include "[e]xtra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight a day where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days").

Particularly, in his FAC, Plaintiff affirmatively pleads that he received various OT premium rates, but then tries to lump those premium rates together to claim a higher "regular rate." For example, Plaintiff pleads that he received a F-REGULAR 12 SHIFT rate for his first 8 hours worked on the first four days per week. He then acknowledges that he received an F-REG SCHED

8

OT 12 SHIFT rate for hours worked in excess of a certain daily standard – 8 hours per day. Notably, he does not plead, because he cannot in good faith[4] that the F-REG SCHED OT 12 SHIFT was paid at less than 1.5 times his F-REGULAR 12 SHIFT rate, for hours worked in excess of 8 in a day (i.e., daily overtime). Plaintiff also pleads both an OVERTIME ST TIME (BASE) and an O/T PREMIUM 50% HRLY RATE, which were *both* paid for all hours worked on the fifth day or in excess of 12 in any day. Again, Plaintiff does not plead, nor can he in good faith, that this premium compensation was paid at a rate lower than 1.5 times his base hourly rate.

Despite not challenging the fact that these various rates were premium pay for hours worked in excess of a daily or weekly standard, Plaintiff curiously contends that "Defendant's use of the designations 'OT,' 'OVERTIME,' and 'O/T' in the names of various hourly rates it pays its employees in not indicative of whether those rates constitute overtime pay as required by the FLSA and IMWL." (ECF No. 41). Plaintiff appears to be attempting to play a careful game of semantics, where he is not challenging that the various premium rates he received were at least 1.5 times the base rate he actually received for hours worked (again, because he cannot in good faith),[5] but instead argues that these premium rates were nonetheless not dispositive of whether the premium rates "constitute overtime pay as required by the FLSA and IMWL." Regardless of Plaintiff's attempt at word play, his legal claim fails.

Again, Plaintiff does not plead that any of the overtime rates he received were less than 1.5 times the shift rate he was paid for the first eight hours of work. And, as a matter of law, those premium rates must be excluded from the "regular rate" computation. *See, e.g.,* 29 U.S.C. 207(e)(5)-(7); 29 CFR §778.202; *see also Adams v. Nature's Expressions Landscaping Inc.*, No.

---

[4] Plaintiff possesses the relevant pay records, as Defendant produced those to his counsel.
[5] It also bears noting that Defendant raised this exact argument in its previous response to dismiss, and Plaintiff does not contend in this newest amended complaint that those characterizations were wrong.

9

5:16-CV-00098-JMH, 2017 WL 4844560 (E.D. Ky. Oct. 25, 2017) (holding that per-day overtime premiums of "time-and-a-half" for hours worked in excess of eight "are excludable from the regular rate and satisfies the FLSA overtime payment requirement"); *see also Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 464 (1948) ("To permit overtime premium to enter into the computation of the regular rate would be to allow overtime premium on overtime premium—a pyramiding that Congress could not have intended.") This leaves Plaintiff without a legal leg to stand on. He pleads only that he received a base rate for the first 8 hours of work, the first four days of each week. He does not challenge, let alone plead, that any of the additional rates he received on top of that rate were at least 1.5 times his base rate, and thus, must be excluded from the regular rate computation. Here, the additional overtime premium rates alleged in the FAC expressly constitute statutory exclusions (as daily and related overtime pay pursuant to, *inter alia,* 29 U.S.C. § 207(e)). Plaintiff does not contend otherwise, and fails to push his claim from "conceivable to plausible." *Hirst,* 910 F.3d at 966. Plaintiff has no viable overtime claim.

    C. **Plaintiff's Claims Still Lack Sufficient Supporting Factual Allegations to State a Claim Under the FLSA and IMWL.**

Both the FLSA and IMWL require employers to pay employees overtime at a rate of at least one and half time the employee's regular rate for all time worked in excess of 40 hours per week. 29 U.S.C. § 207(a); 820 ILCS 105/4a.[6] "[C]ourts in this District have dismissed complaints which merely recite the elements of an FLSA claim with[out] supporting factual detail." *Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 4179153, at *2 (N.D. Ill. Aug. 8, 2016) (collecting cases). Federal pleading standards require plaintiffs to "provid[e] some specific facts to ground those legal claims." *Id.* (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

---

[6] The FLSA and IMWL contain similar overtime requirements and are therefore analyzed using the same legal framework. *Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507, at *1 (N.D. Ill. Mar. 17, 2015).

10

Here, and as explained above, Plaintiff alleges only that Defendant "should have" paid Plaintiff a different hourly rate, not that Defendant committed any overtime violations based on the compensation it *actually paid* to Plaintiff. This is not an actionable claim under the FLSA or IMWL. The remainder of the FAC only contains Plaintiff's outline of his various rates of pay and vaguely alleges that "Defendant still did not pay Plaintiff and other similarly situated employees at a rate not less than one and one-half times their regular rate/wage for time worked in excess of 40 hours per work week . . ." (ECF No. 41, ¶ 23). However, as set forth above, this claim is legally specious, and Plaintiff never specifies the rate(s) at which Defendant *actually paid* Plaintiff for the work he performed,[7] and never claims that Defendant did not pay Plaintiff overtime based on the regular rate *actually paid* by Defendant. Plaintiff's conclusory allegations fail to meet the federal pleadings standards, especially given the various overtime rates pled on the face of the Complaint. *See, e.g., Hirst,* 910 F.3d at 966 (affirming dismissal of FLSA claim at 12(b)(6) stage and holding that a plaintiff "must provide sufficient factual context to raise plausible inference there was at least one workweek in which he or she was underpaid"); *Girolamo v. Cmty. Physical Therapy & Assocs., Ltd.*, No. 15-CV-02361, 2016 WL 2909649, at *3 (N.D. Ill. May 19, 2016) (dismissing plaintiff's FLSA and IMWL claims where she did not include "any allegations regarding when or how often during that period she worked overtime or failed to receive appropriate compensation"); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (dismissing plaintiffs' overtime claim where plaintiffs alleged only that they "regularly worked hours over 40 in a week and were not compensated for such time" because such allegation "is little more than a paraphrase of the statute").

---

[7] Plaintiff only pleads the rate he was paid for vacation time, which is irrelevant for FLSA/IMWL purposes as it is not compensable "hours worked." *See, e.g.,* 29 C.F.R. §778.100 (employee must receive 1.5 times regular rate for "all hours worked" in excess of forty).

11

Plaintiff's allegations are devoid of factual support other than a brief outline of varying rates of pay, two of which are overtime premium rates. The FAC lacks any explanation as to how the pay structure violates the FLSA or IMWL based on the regular rate **actually paid** to Plaintiff. Instead, Plaintiff asserts a deficient "regular rate" claim not actionable under the FLSA and IMWL, and merely recites the basic elements of an overtime claim. Plaintiff's empty allegations warrant dismissal of the FAC, with prejudice.

## CONCLUSION

Nothing in Plaintiff's Fourth Amended Complaint fixes the deficiencies that were fatal to the previous edition. For the foregoing reasons, Plaintiff fails to state a claim for a violation of the FLSA or IMWL and his Fourth Amended Complaint should be dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).

DATED: March 5, 2020                                INEOS JOLIET, LLC


                                                    By:    /s/Michael H. Cramer
                                                           One of Its Attorneys

Michael H. Cramer (ARDC # 6100313)
Michael D. Ray (ARDC # 6285109)
Michael V. Furlong (ARDC # 6317963)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
(312) 558-1220
*Michael.Cramer@ogletree.com*
*Michael.Ray@ogletree.com*
*Michael.Furlong@ogletree.com*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 5th day of March, 2020, he electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT** with the Clerk of Court by using the CM/ECF system, which will send a notification of such filing to the following:

>David B. Levin
>Steven G. Perry
>LAW OFFICES OF TODD M. FRIEDMAN, P.C.
>333 Skokie Blvd., Suite 103
>Northbrook, IL 60062
>*dlevin@toddflaw.com*
>*sperry@toddflaw.com*
>
>Todd M. Friedman
>LAW OFFICES OF TODD M. FRIEDMAN, P.C.
>21550 Oxnard Street, Suite 780
>Woodland Hills, CA 91367
>*tfriedman@toddflaw.com*

By: /s/ Michael H. Cramer

42045441.1