# NEGOTIATED SETTLEMENT AGREEMENT BETWEEN
# PHILIP DOWNEY AND INEOS JOLIET, LLC AND GENERAL RELEASE OF CLAIMS

This Negotiated Settlement Agreement and General Release ("Agreement") is made by and between Philip Downey, his heirs, administrators, executors, representatives, agents, and assigns ("Former Employee"), and INEOS Joliet, LLC, including its owners, shareholders, officers, directors, managers, predecessors, successors, parents, subsidiaries, and affiliates, including any company that is now or in the future part of the INEOS group of companies (which, in turn, includes any company with INEOS in the company name) ("Employer"). Collectively, Former Employee and Employer will be referred to hereinafter as the "Parties."

WHEREAS, Former Employee filed a lawsuit, in the United States District Court for the Northern District of Illinois captioned <u>Philip Downey, individually and on behalf of all others similarly situated v. INEOS Joliet, LLC</u>; Case No. 1:19-cv-04119 (the "Lawsuit");

WHEREAS, Employer denies the allegations in the Lawsuit and further denies that it violated any law in connection with its employment, or termination from employment, of Former Employee;

WHEREAS, this Agreement is the product of arms-length settlement negotiations between Former Employee and Employer. Former Employee has been afforded an adequate opportunity to read and consider the terms of this Agreement and to consult with his attorneys;

WHEREAS, the Parties now desire to fully and completely settle and dispose of any and all claims of whatever kind or nature Former Employee ever had, or may now have, whether known or unknown, against Employer; and Former Employee understands and agrees that this Agreement settles, bars and waives any and all claims that he has or could possibly have against Employer; and

WHEREAS, the Parties desire to enter into this Agreement each without admitting liability, wrongdoing, or legal violation, to any other party;

THEREFORE, Former Employee and Employer, for the good and valuable consideration stated below, the sufficiency of which is acknowledged, agree as follows:

1. <u>Settlement Amount</u>. In exchange for Former Employee's promises contained herein, Employer agrees to pay the sum total of $15,000.00 (Fifteen Thousand Dollars and Zero Cents), less applicable tax withholdings as set forth in this Agreement (hereinafter "Settlement Amount"). The Settlement Amount shall be the sole amount payable to Former Employee and shall constitute the entire consideration to be paid by Employer in full and complete satisfaction of each and every claim of Former Employee against Employer.

    1.1. <u>Allocation of Settlement Amount</u>. The Settlement Amount shall be allocated as follows:

        (a) Consideration for settlement of claims asserted in the Lawsuit and general release.

        (i)        $5,000.00 as alleged back wages and payment for a general release, payable to "Philip Downey";

        (ii)        $10,000.00 for attorneys' fees and costs payable to "Law Offices of Todd M. Friedman, P.C."

The amount in Paragraph 1.1(a)(i) shall be paid directly to Former Employee by a payroll check, less applicable tax withholdings. Former Employee will receive an IRS Form W-2 for the amount in Paragraph 1.1(a)(i). The amount in Paragraph 1.1(a)(ii) shall be paid directly to Former Employee's counsel. Former Employee and Former Employee's counsel will each receive an IRS Form 1099 for the amount in Paragraph 1.1(a)(ii).

        1.2.      Payment of the Settlement Amount is conditioned upon the occurrence of all of the following events: (a) execution of this Agreement and all necessary tax documentation (such as a W-4 or W-9) by Former Employee; (b) Former Employee's counsel completing an IRS Form W-9 and submitting it to counsel for Employer; (c) Former Employee does not revoke the Agreement within the revocation period described in Paragraph 6; and (d) entry of an Order dismissing Former Employee's Lawsuit, with prejudice as to Former Employee, and without prejudice as to the putative class members' claims.

        1.3.      <u>Timing</u>. The Settlement Amount will be paid within fourteen (14) days after completion of the last act in Paragraph 1.2.

        1.4.      <u>Acknowledgments.</u> Former Employee expressly agrees and acknowledges that this payment is not a payment or consideration to which he is otherwise entitled except as stated in Paragraph 1 of this Agreement, and Former Employee shall not be entitled to any compensation, remuneration, benefits or other payments from Employer.

        2.      <u>Tax Liability</u>. Except as to tax withholdings made by Employer in connection with the payment for alleged lost wages, Former Employee agrees to be solely liable for any and all income tax, employment taxes or other taxes or assessments owed by him in connection with any payment made pursuant to this Agreement. Except as to tax withholdings made by Employer in connection with the payment for alleged back wages, Former Employee agrees to indemnify Employer for any and all liabilities, including penalties and interest charges that may be assessed against it by any taxing authority in connection with any payment to him in connection with any payment made pursuant to this Agreement.

        3.      <u>Former Employee's Release</u>. In exchange for Employer's promises, Former Employee, including his heirs, estate, attorneys, successors, and assigns, voluntarily and knowingly releases INEOS Joliet, LLC and its current and former officers, directors, employees, agents, affiliates, attorneys, consultants, subsidiaries, divisions, predecessors, successors, assigns, and parent companies from any and all claims, causes of action, charges, suits, contracts, promises,

losses, damages, expenses, remedies, obligations, costs, attorneys' fees, liabilities or demands of any kind, which he may now have arising out of or relating in any way to his employment at Employer, foreseen or unforeseen, whether known or unknown, as of the date he signs this Agreement, including but not limited to those brought in the Lawsuit.

   3.1. Former Employee understands and agrees that this Agreement covers all claims described in Paragraph 3 including, but not limited to, any alleged violation of the Civil Rights Act of 1991; Title VII of the Civil Rights Act of 1964 as amended; the ADEA; the Older Worker Benefit Protection Act ("OWBPA"); the Americans With Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Fair Labor Standards Act ("FLSA"); the Illinois Minimum Wage Law ("IMWL"); the Illinois Wage Payment and Collection Act ("IWPCA"); the Chicago Minimum Wage Ordinance; the IHRA; the Illinois Prevailing Wage Law; and any other federal, state, or local civil, labor, pension, wage-hour or human rights law, federal or state public policy, contract law, tort law; any claim arising under federal or common law, including breach of expressed or implied contract, promissory estoppel, wrongful discharge in violation of public policy and intentional infliction of emotional distress; and any claim for costs or attorneys' fees.

   3.2. Former Employee expressly acknowledges that this is a release and a covenant not to sue to be construed to the broadest extent permitted by law. Former Employee understands and agrees that he is waiving the right to file, and agrees not to file, any civil actions or arbitrations, or receive any monetary awards arising therefrom regarding any matters arising out of or relating to his employment with or separation from Employer. Former Employee understands that this does not limit Former Employee's right to file a charge with any agency or to participate in any agency's investigation; however, to the extent permitted by law, Former Employee waives his right to recover any damages should any agency ever pursue a claim on his behalf. Former Employee further understands that this does not limit Former Employee's right to seek a judicial determination of the validity of this waiver or to test the knowing and voluntary nature of this waiver.

   3.3. If Former Employee ever institutes a civil action or arbitration in violation of the covenant not to sue in Paragraph 3.2, Former Employee agrees that he will pay Employer's costs and reasonable attorneys' fees incurred in defending the civil action or arbitration. Former Employee further expressly warrants that if he brings any action or suit based upon any claim released by this Agreement, this Agreement may be pled as and shall constitute a complete defense to any such action or suit.

   3.4. <u>Attorneys' Fees and Costs.</u> Former Employee agrees and stipulates that the payment described in Paragraph 1 above represents the complete and total amount due to Former Employee and his current or former attorneys by Employer, including the Law Offices of Todd M. Friedman, P.C. Former Employee further agrees that no other attorneys have any lien or claim for attorneys' fees in connection with representing Former Employee in the Lawsuit; and that this Agreement precludes Former Employee from seeking any additional fees and/or costs from Employer in connection with the Lawsuit in this matter or any other claim released in this Agreement. Former Employee acknowledges that he

shall be solely responsible for compliance with and satisfaction of any attorneys' lien or other claim for his attorneys' fees arising under this Agreement not specified in Paragraph 1, and further agrees to indemnify Employer for any and all costs to Employer as a result of any actions relating to an attorneys' lien pertaining to this matter.

      3.5    <u>No Other Pending Claims</u>.  Former Employee warrants that, other than the Lawsuit, he has not commenced or filed, and agrees and covenants not to commence, file, aid or instigate against Employer, any action, charge, complaint or other proceeding regarding any claim arising prior to the date of this Agreement, except as may be necessary to enforce this Agreement or otherwise required by law.

      4.    <u>Limited Confidentiality</u>.  Except as necessary to obtain court approval of the Settlement Agreement, Former Employee agrees that he has not to date, and shall not in the future make any public comments, social media postings, or any other statements regarding this Settlement, other than to say that the matter is over, except as specified in this Paragraph.  Former Employee may make disclosures regarding this Agreement in a form no more extensive than necessary under the following circumstances:  (a) if compelled to testify under oath pursuant to a lawfully issued subpoena or other similar legal process, notice of which Former Employee shall give to Employer's attorney, Michael H. Cramer, Ogletree Deakins, 155 N. Wacker Dr., Suite 4200, Chicago, IL 60606 within seven (7) days of its receipt; (b) to his attorneys; (c) to his accountant(s) or financial consultant(s); (d) to his spouse and children, if any; (e) to any taxing authority as necessary for the proper payment of taxes due, if any, on the settlement amount; (f) to the Court as further specified in Paragraph 4.1 of this Agreement; and (g) as otherwise required by law.

      4.1.    The Parties understand that, in connection with a Motion for Approval of Settlement Agreement, disclosure of this Agreement will be made to the Court and the Agreement will be publicly filed for purposes of obtaining approval of the Agreement and dismissal with prejudice of the Lawsuit.  No statements or filings made in conjunction with the Court approval process shall be construed to violate Paragraph 4 of this Agreement.

      5.    <u>No Disparagement</u>.  Former Employee will not make derogatory statements, either written or oral, or otherwise disparage Employer.  Nor shall Former Employee direct, arrange or encourage others to make any such derogatory or disparaging statements on Former Employee's behalf.

      6.    <u>No Re-employment</u>. To the fullest extent permitted by law, Former Employee agrees and understands Employer has no obligation to re-hire him.  To the extent that Former Employee applies for employment at Employer, Employer is under no obligation to consider his application, and Former Employee understands that this Agreement shall be a valid and lawful reason for refusing to hire him, and that Former Employee shall have no legal recourse against Employer arising out of his application.  To the extent that Former Employee is hired by any representative of Employer unaware of this Agreement, Former Employee agrees that this Paragraph provides grounds for Former Employee's immediate termination without any legal recourse.

7. <u>ADEA Waiver and Revocation Period</u>. Former Employee acknowledges that he has made a knowing and voluntary release of age discrimination claims, including claims under the ADEA, OWBPA and the IHRA. Further, Former Employee warrants that all of the following are true:

(a) He has been provided at least twenty-one (21) days to consider this Agreement before signing it;

(b) This Agreement does not waive rights or claims that may arise after the date the Agreement is executed;

(c) He waives his rights under the ADEA and the IHRA in exchange for the separate consideration set forth in Paragraph 1.1 of this Agreement, and acknowledges that he is not entitled to the amounts provided in Paragraph 1.1 absent the waiver of claims set forth in this Agreement;

(d) He has been advised in writing to consult with an attorney prior to executing this Agreement, and expressly warrants that he has consulted with the attorney of his choosing prior to executing this Agreement;

(e) He has had reasonable time to consider this Agreement before signing it, has read it in its entirety, fully understands each provision of the Agreement and asked his attorney questions to clarify any portion of the Agreement that may have been unclear to him;

(f) He has entered into this Agreement voluntarily and without undue pressure or duress;

(g) He stipulates and agrees that he has read the Agreement, understands its terms, and has been given reasonable time to consider the Agreement; and

(h) He acknowledges that he has seven (7) days from the date he executes this Agreement in which to revoke it. Such revocation must be in writing and delivered to Michael H. Cramer, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 155 N. Wacker Dr., Suite 4300, Chicago, IL 60606, michael.cramer@ogletree.com, within the seven (7) day period. If Former Employee revokes this Agreement as provided herein, it shall be null and void, and he will not be entitled to any of the consideration from Employer described in Paragraph 1 above. If Former Employee does not revoke this Agreement within seven (7) days of executing it, this Agreement shall become enforceable on the eighth (8th) day after execution of this Agreement.

8. <u>No Liability or Admission</u>. Former Employee understands that neither this Agreement, nor the furnishing of any consideration relating thereto, is an admission of any wrongdoing by Employer. Employer specifically denies any wrongdoing under any federal, state or local statute, public policy, tort law, contract law, or common law. It is expressly understood and agreed that the terms of this Agreement are contractual and not merely recitals, and that the agreements contained herein and the consideration transferred is intended to compromise disputed

claims, avoid and terminate litigation, and buy peace, and that no release or other consideration given by any Party shall be construed as an admission of wrongdoing or liability.

9. <u>Acknowledgment of Voluntary Act</u>. Former Employee acknowledges that he has not been pressured by any person or entity to sign this Agreement and agrees that he signs this Agreement knowingly, voluntarily, with a full understanding of its terms and significance, and intending to be bound by its terms.

10. <u>Modifications</u>. No modification of this Agreement shall be effective unless it is in writing duly signed by all of the Parties hereto.

11. <u>Fees and Costs</u>. Except as otherwise provided herein, Former Employee and Employer agree that they are each responsible for their own attorneys' fees, costs, and disbursements incurred in connection with the Lawsuit, and in connection with negotiating and executing the Agreement.

12. The Parties understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly described in this Agreement. This Agreement expresses the full and complete settlement of all liability claimed by Former Employee and denied by Employer. This Agreement shall be deemed to have been drafted by both Former Employee and Employer. No interpretive presumption based on the party that drafted the Agreement will be used in any future dispute arising out of this Agreement.

13. <u>Transfer of Claims</u>. Former Employee represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Former Employee agrees to indemnify and hold Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Former Employee further warrants that there is nothing that would prohibit him from entering into this Agreement.

14. <u>Severability</u>. All provisions of the Agreement are severable, and if any of them is determined to be invalid or unenforceable for any reason, the remaining provisions and portions of the Agreement shall be unaffected thereby and shall remain in full force to the fullest extent permitted by law.

15. <u>Inadmissible Evidence</u>. This Agreement can only be used as evidence in a subsequent proceeding in which either party claims that the Agreement itself has been breached.

16. <u>Governing Law</u>. The validity, construction, and interpretation of this Agreement and the rights and duties of the Parties hereto shall be governed by the laws of the State of Illinois without regard to any state conflict of law rules.

17. <u>Full Compensation</u>. Former Employee agrees and acknowledges that the Settlement Amount fully and completely compensates him for all proper and adequate wages for all time worked for Employer, including adequate compensation for any and all back wages he believes are due and/or alleged overtime arising out of his employment with Employer. Former Employee

understands and agrees that funds received under this Agreement constitute a fair and reasonable compromise of his disputed wage and hour claims, and that, following consultation with the attorney(s) of his own choosing, he has sufficient information to reach that determination. Former Employee understands his rights under the FLSA, the Illinois Minimum Wage Law, and the IWPCA, and Former Employee has decided to knowingly and voluntarily accept the Settlement Amount after consultation with counsel of his own choosing. Former Employee further acknowledges that he is unaware of any other facts that would entitle him to additional wages or other compensation arising out of his former employment with Employer.

18. **Court Approval.** The Parties understand that this Agreement is subject to the approval of the Court. To the extent that the Court does not approve this Agreement, the Parties shall retain any and all defenses and arguments.

19. **Entire Agreement.** The Parties understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly described in this Agreement. This Agreement expresses the full and complete settlement of all liability claimed and denied and is intended to be final and complete.

20. **Counterparts.** This Agreement may be executed in any number of counterparts and by facsimile or email (in PDF form). Faxed or PDF signatures shall be valid, each counterpart shall be deemed an original, and all counterparts, taken together, shall constitute one agreement.

21. Former Employee acknowledges that he has carefully read this Agreement and knowingly and voluntarily agrees to execute same.

PLEASE READ THIS AGREEMENT AND CAREFULLY CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT. THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS, INCLUDING THOSE UNDER FEDERAL, STATE AND LOCAL LAWS.

IN WITNESS WHEREOF, the Parties hereby enter this Agreement as indicated by their signatures below.

Date: 7/20/2021

_Philip Downey_
Philip Downey

Date: 8/4/2021

INEOS Joliet, LLC

By: _H. Mueller_

Name: HOLGER MUELLER

Position: COO

Page 7 of 8

4684938.1